| | |
|---|---|
| THRIVING CHILDREN ADVOCATES, LLC, et al., | |
| Plaintiffs, | Case No. 3:26-cv-00484 |
| v. | District Judge Crenshaw |
| WATERLAND PRIVATE EQUITY INVESTMENTS, B.V., et al., | Magistrate Judge Frensley |
| Defendants. | |

## DEFENDANT WORLD VISION, INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO ALLOW ALTERNATIVE SERVICE UNDER FRCP 4(f)(3) AND UNOPPOSED REQUEST TO RESCHEDULE INITIAL CASE MANAGEMENT CONFERENCE

Defendant World Vision, Inc. ("World Vision") submits this memorandum in response to Plaintiffs' Motion to Allow Alternative Service Under FRCP 4(f)(3) and Unopposed Request to Reschedule Initial Case Management Conference (the "Motion").[1] The Motion correctly represented World Vision's lack of opposition to the rescheduling of the Initial Case Management Conference ("CMC"). In addition, World Vision takes no position on the alternative service requests directed at the Waterland Service Parties, as they are defined in the Motion. However, World Vision submits this Memorandum to address (1) Plaintiffs' repleading of their case within a procedural motion and (2) Plaintiffs' request that they alone be permitted to appear in person at the CMC.

---

[1] On July 22, 2026, the Court granted Plaintiffs' Motion. ECF. No. 63. World Vision files this memorandum not to oppose the Court's July 22, 2026 Order but merely to clarify World Vision's position regarding the Motion.

## I. Plaintiffs inappropriately replead their case in a procedural motion.

The purpose of a motion seeking alternative service and a continuance is narrow and procedural. It is not a vehicle for Plaintiffs to reassert factual narratives, characterize the alleged anti-competitive conduct, or advance substantive legal theories already contained in the operative Complaint. Yet Plaintiffs improperly leverage the Motion as a platform to recite extensive allegations regarding these and other topics, none of which are relevant to the relief the Motion seeks. This results in substantial passages—spanning pages 3 through 17—needlessly rearguing the factual and legal merits of Plaintiffs' claims. Such passages (1) serve no legitimate purpose; (2) risk prejudice to Defendants, whose attorneys must sift through Plaintiffs' superfluous arguments to identify those actually relevant; and (3) reflect insufficient regard for the Court's valuable time.

World Vision objects to Plaintiffs' self-serving use of this procedural motion to replead and reargue their case. The Motion should be considered solely for its stated procedural purposes, and the Court should disregard Plaintiffs' improper attempts to relitigate the merits. *Cf.* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

## II. World Vision does not concede Plaintiffs' characterization of the case.

Except as to World Vision's agreement to postpone the CMC, World Vision does not concede that Plaintiffs' self-serving characterization of the facts, the applicable law, or World Vision's role in this litigation is accurate.

## III. The CMC should remain virtual for all parties, or all parties should be permitted to appear in person.

Plaintiffs request "permission to attend that CMC in person." (ECF No. 57 at 25.) District courts possess broad authority to manage pretrial proceedings, including the manner in which conferences are conducted. The decision whether to permit remote or in-person participation lies

within the Court's discretion and should account for the convenience of all parties. *See Ellibee v. Manes*, No. 26-1202-DDC-BGS, 2026 WL 1978635, at *3 (D. Kan. July 9, 2026); *State v. Patterson*, No. E2025-01027-CCA-R8-CO, 2025 WL 2416458, at *6 n.2 (Tenn. Crim. App. Aug. 21, 2025).

Here, Plaintiffs offer no compelling reason why they should be permitted personal appearance. For the convenience of all parties and to promote equality of access, the CMC should remain virtual for everyone. Alternatively, if the Court is inclined to allow personal appearances, then all counsel who wish to appear in person should be permitted to do so.

## CONCLUSION

For the foregoing reasons, World Vision respectfully requests that the Court: (1) disregard Plaintiffs' improper repleading of their case within the Motion; (2) require that the CMC remain virtual for all participants or, in the alternative, permit all parties who wish to appear in person to do so; and (3) grant such other relief as the Court deems just and proper.

Dated: August 3, 2026

<div style="margin-left:50%">

Respectfully submitted,

WORLD VISION, INC.

*/s/ Benjamin S. Morrell*
Benjamin S. Morrell (TBPR No. 035480)
TAFT STETTINIUS & HOLLISTER LLP
111 E Wacker Drive, Suite 2600
Chicago, IL 60601
Tel.: (312) 527-4000
Fax: (312) 527-4011
bmorrell@taftlaw.com

Daniel R. Warncke (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
301 E. Fourth Street, Suite 2800
Cincinnati, Ohio 45202

</div>

3

Tel.: (513) 381-2838
Fax: (513) 381-0205
warncke@taftlaw.com

David E. Lamb (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
80 South Eighth Street, Unit 2200
Minneapolis, MN 55402
Tel.: (612) 977-8400
Fax: (612) 977-8650
dlamb@taftlaw.com

*Counsel for Defendant World Vision, Inc.*

4

# CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document using the Court's CM/ECF system, which will send electronic notice to all counsel of record.


Dated: August 3, 2026


*/s/ Benjamin S. Morrell*

5