IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

THRIVING CHILDREN ADVOCATES,
LLC, Et al. §
§
                Plaintiffs §          Civil Action No. 3:26-cv 00484
v. §          District Judge: Hon. Eli Richardson
WATERLAND PRIVATE EQUITY §          Magistrate Judge: Hon. Jeffrey S. Frensley
INVESTMENTS, B.V.; Et al. §
§          Jury Trial Demanded
§
                Defendants.

## PLAINTIFFS' MOTION TO STRIKE EXHIBIT 1 TO DEFENDANT WORLD VISION, INC.'S REPLY [Dkt. No. 80]

In this multiparty antitrust case, Plaintiffs' Complaint is Dkt. No. 1. Defendant World Vision, Inc. ("WV") filed a Motion to Dismiss Plaintiffs' Complaint. [Dkt. No. 55]. It did not seek leave to exceed the page limits imposed by the local rules. Plaintiffs timely filed a Response in opposition. [Dkt. No. 75]. WV then filed its Reply (the "Reply") [Dkt. No. 80] to which this Motion relates.

Local Rule 7.01(a)(4) specifically states that Reply Memoranda such as Dkt. No. 80, "shall not exceed five (5) pages without leave of Court." Defendant WV's Reply is a full five (5) pages. [Dkt. No. 80].

However, WV has attached to their five-page Reply, a chart of arguments they label as "Exhibit 1." [Dkt. No. 80-1]. Their "Exhibit 1" contains three pages of additional arguments WV did not have space to make within their five pages. Each of the three pages in their Exhibit 1 has three columns. WV's Reply confusingly identifies Exhibit 1 as follows: "*For the convenience of the Court, World Vision attaches as Exhibit 1 an inexhaustive list of these improper attempts to rewrite the Complaint purporting in the first column to quote Plaintiffs Complaint.*" It is neither

1

a true "exhibit" nor an accurate re-statement of Plaintiffs' Complaint. Rather, it is merely multiple pages of additional argument WV neither sought nor received leave of Court to file. **WV's Exhibit 1 [Dkt. 80-1] should be struck.** [1]

More specifically, each of the three pages comprising WV's Exhibit 1 contain three columns written in single space font which, when put in normal double-spaced font, is actually four pages of additional arguments.

*Column 1* of Exhibit 1 purports to quote Plaintiffs' Response to WV's Motion to Dismiss. *Column 2* does not quote the Complaint but includes selective *partial* quotes from Plaintiffs' Complaint that are incomplete, leaving out important language and other relevant sections of the Complaint. Under the guise of "quoting" the Complaint, *Column 2* also includes WV's own paraphrases and conclusory assertions about the Complaint, almost all of which are incorrect arguments as to what WV *claims* the Complaint does or does not say.

Given their partial quotes and paraphrases of the Complaint in *Column 2*, *Column 3* asserts strawman "Implications" of their perceived discrepancies between *Column 1* and *Column 2*. These "Implications" are nothing more than conclusory assertions of WV's positions, virtually all of which are incorrect.

As it is a clear violation of the Local Rules, the Court should strike Exhibit 1. If the court chooses not to, then Plaintiffs request leave to file a five (5) page Surreply, to address WV's Exhibit 1 [Dkt No. 80-1].

---

[1] Plaintiffs would be within their rights to request the entire Reply be struck but limit their request to Exhibit 1.

2

Date: August 6, 2026

Respectfully submitted,

Ben Broocks
Ben Broocks (pro hac)
248 Addie Roy Road, Suite B-301
Austin, Texas
Tel: 512-201-2002
Fax: 512 201-2386

G. Kline Preston, IV, Esq. (#017141)
Belle Meade Office Park
4515 Harding Pike, Suite 107
Nashville, TN 37027
Tel: 615-649-8680
Fax: 866-610-9565
kpreston@klineprestonlaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, the undersigned filed the foregoing document using

the Court's CM/ECF system, which will send electronic notice to all counsel of record.

Dated: August 6, 2026.

Ben Broocks

3