**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| THRIVING CHILDREN ADVOCATES, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WATERLAND PRIVATE EQUITY INVESTMENTS, B.V., et al.,<br><br>Defendants. | Case No. 3:26-cv-00484<br><br>District Judge Richardson<br><br>Magistrate Judge Frensley |

**DEFENDANT WORLD VISION'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO STRIKE EXHIBIT 1 TO WORLD VISION'S REPLY**

Plaintiffs' Motion to Strike Exhibit 1 to World Vision's Reply Memorandum in Support of Its Motion to Dismiss for Failure to State a Claim (respectively, "Motion to Strike" and "Reply") accuses World Vision of violating the Local Rules and seeks to strike from the record a three-page exhibit (Exhibit 1) that World Vision attached to its Reply. In the alternative, Plaintiffs seek leave to file a sur-reply.

As World Vision stated in its Reply, it provided Exhibit 1 solely for the convenience of the Court, rather than as additional substantive briefing. Because the Court can assess the allegations in the Complaint without Exhibit 1, the Court should apply its discretion to the question of whether to strike Exhibit 1 and deny Plaintiffs' request to file a sur-reply.

## LEGAL STANDARD

"District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules." *Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 349–50 (6th Cir. 2015). "[T]rial courts make use of their inherent power to control their dockets when determining whether to strike documents or portions of documents." *Zep Inc. v. Midwest Motor Supply Co*., 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (citing *Anthony v. BTR Auto. Sealing Sys.,* 339 F.3d 506, 516 (6th Cir. 2003)).

## ARGUMENT

### I. Both parties agree that on a motion to dismiss for failure to state a claim, the Complaint's allegations control.

Plaintiffs' Response to the Motion to Dismiss ("Response") correctly states the rule governing how the Court should construe its allegations upon a motion to dismiss for failure to state a claim: a party's briefing that "inserts new 'facts' in . . . place [of those alleged in the Complaint] is inappropriate and must be ignored." Pl.'s Resp. to World Vision's Mot. to Dismiss, ECF No. 75, at 1; *see Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470,

484 (6th Cir. 2020) ("If a complaint fails to state a claim . . . , the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint.").

The parties, therefore, agree on the standard with which to adjudicate the Motion to Dismiss. Indeed, World Vision attached Exhibit 1 to its Reply only to offer a convenient identification of some of the ways in which Plaintiffs attempted to violate this uncontested rule—more specifically, to reduce the burden on the Court of cross-referencing each of Plaintiffs' mischaracterizations in their Response to the actual allegations in the Complaint. Given the complexity of this case, which names thirty-three defendants and asserts eight causes of action against World Vision, and the prolix nature of the Complaint, which spans 632 paragraphs and nearly 300 pages, this burden is significant.

## II. Although Exhibit 1 did not violate the Local Rules, the Court has discretion to strike it.

Local Rule 7.01(a)(4) provides that a party may file a reply memorandum without leave of Court that "shall not exceed five (5) pages." There is "nothing inappropriate" about such a substantive briefing attaching an exhibit citing to the record, and such an exhibit does not count toward the Local Rules' maximum page count. *See Card-Monroe Corp. v. Tuftco Corp.*, 270 F. Supp. 3d 967, 985 (E.D. Tenn. 2017) (denying motion to strike exhibit and finding that exhibit "pointing to other portions of the record, in context, without unnecessarily burdening the Court with in-bulk reproductions of such content" did not count toward page limitation for the at-issue memorandum). World Vision therefore disagrees with Plaintiffs' contention that Exhibit 1 violated the Local Rules.

However, World Vision offered Exhibit 1 solely for the convenience of the Court. Because the Court is more than capable of identifying on its own Plaintiffs' improper

attempts to rewrite the Complaint, should the Court find that the exhibit counts toward the page maximum under Local Rule 7.01(a)(4), World Vision recognizes that striking Exhibit 1 is entirely within the Court's discretion. *See Pearce* , 615 F. App'x at 349–50; *Zep Inc*, 726 F. Supp. 2d at 822.

## III. The Complaint's complexity has not prevented World Vision from adhering to the Local Rules' page limits.

As discussed above, this is, by any measure, a complex case. Other Defendants confronted with the same sprawling Complaint argued that its scale justified departing from the Local Rules' ordinary page limits, something Plaintiffs did not oppose. *See* Unopp. Mot. for Leave to Exceed Page Limitation, ECF No. 58, at 1 (arguing on behalf of eight Defendants that nineteen-page expansion of motion to dismiss memorandum's page limitation was justified "because of the scale and scope of the Complaint"). Recognizing the burden that additional pages can impose on the Court, World Vision distilled its arguments in each of its memoranda to fall within the page limitations imposed by the Local Rules. *See* Mem. in Supp. of World Vision's Mot. to Dismiss, ECF No. 56 (24 pages); L.R. 7.01(a)(2) (imposing 25-page limit for memoranda in support of motions); Reply in Supp. of World Vision's Mot. to Dismiss, ECF No. 80 (five pages); L.R. 7.01(a)(4) (imposing five-page limit for reply memoranda). That World Vision's Reply attached a three-page chart does not change this analysis for two related reasons. First, the chart is solely a reference tool that compiles Plaintiffs' own statements on the record. Second, all of World Vision's arguments were confined to the five pages of the Reply itself. *See Card-Monroe Corp*., 270 F. Supp. 3d at 985.

## IV. Plaintiffs' Motion to Strike violates the Local Rules.

Ironically, the very filing in which Plaintiffs accuse World Vision of violating the

Local Rules itself fails to comply with the Local Rules. Local Rule 7.01(a)(2) provides that if a memorandum of law is incorporated into a motion, "the filing must be clearly titled as a 'MOTION AND MEMORANDUM OF LAW.'" Plaintiffs' filing is titled "Plaintiffs' Motion to Strike Exhibit 1 to Defendant World Vision, Inc.'s Reply [Dkt. No. 80]," nowhere indicating that the filing also incorporates a memorandum of law, even though the body of the filing plainly sets forth legal argument in support of the motion.

World Vision does not seek to have Plaintiffs' Motion to Strike stricken on this basis or on any other. Rather, World Vision believes the Court's time is better spent adjudicating the merits of the Motion to Dismiss.

**V. There is no need for a sur-reply.**

In the Sixth Circuit, parties do not have a right to file a sur-reply. *See Albino-Martinez v. Adducci*, 454 F. Supp. 3d 642, 646 (E.D. Mich. 2020) (collecting cases). Indeed, "sur-replies are highly disfavored." *N. Harris Computer Corp. v. DSI Invs., LLC*, 608 F. Supp. 3d 511, 531 (W.D. Ky. 2022) (cleaned up).

Plaintiffs' Motion to Strike includes a request that if the Court does not strike Exhibit 1, Plaintiffs be granted leave to file a sur-reply. Pls.' Mot. to Strike, ECF No. 82, at 2. Such a reply would be unnecessary for three reasons. First, the Court is well equipped to determine whether Plaintiffs' Response comported with their Complaint. Second, World Vision takes no position regarding whether the exhibit should be stricken. Finally, Plaintiffs have not pointed to—and cannot point to—any new arguments in World Vision's Reply that could justify a sur-reply. *See Hickey v. Chadick*, 649 F. Supp. 2d 770, 779 (S.D. Ohio 2009) (denying leave to file sur-reply where reply memorandum "did not raise any new issues which had not been previously raised"); *see* Mem. in Supp. of World Vision's

Mot. to Dismiss, ECF No. 56, at 7–17, 19–20, 22–24 (arguing that Plaintiffs' legal claims lack the well-pleaded allegations necessary to support them). Accordingly, the Court should deny Plaintiffs' request to file a sur-reply regardless of whether it strikes Exhibit 1.

## CONCLUSION

World Vision attached Exhibit 1 to its Reply solely to assist the Court in evaluating whether Plaintiffs improperly attempted to rewrite the Complaint through their Response. The chart in the exhibit does not introduce new facts or expand the arguments in World Vision's Reply. In light of Plaintiffs' observation that it is inappropriate for a party to "in-sert[ ] new 'facts' in . . . place" of the Complaint's allegations, the chart simply organizes Plaintiffs' claims and their mischaracterizations of the claims such that the inherent contradictions can be easily identified.

Plaintiffs and World Vision agree that the Court should evaluate World Vision's Motion to Dismiss based on the well-pleaded allegations in the Complaint. Whether the Court does so with the aid of Exhibit 1 is entirely within the Court's discretion. And it will ultimately make no difference. World Vision is confident when the Court analyzes the Complaint and the filings regarding World Vision's Motion to Dismiss—with or without reference to Exhibit 1—the Court will conclude that World Vision is wrongly named as a defendant in this lawsuit and will dismiss with prejudice all claims against the organization.

For the foregoing reasons, World Vision respectfully requests that this Court deny Plaintiffs' request for leave to file a sur-reply, and grant such other and further relief as the Court deems just and proper.

Date: August 13, 2026

Respectfully submitted,

*/s/ Benjamin S. Morrell*
Benjamin S. Morrell (TBPR No. 035480)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel.: (312) 527-4000
Fax: (312) 527-4011
bmorrell@taftlaw.com

Daniel R. Warncke (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
301 E. Fourth Street, Suite 2800
Cincinnati, OH 45202
Tel.: (513) 381-2838
Fax: (513) 381-0205
warncke@taftlaw.com

David E. Lamb (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel.: (612) 977-8400
Fax: (612) 977-8650
dlamb@taftlaw.com

*Counsel for Defendant World Vision, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document using the Court's CM/ECF system, which will send electronic notice to all counsel of record.

Dated: August 13, 2026

*/s/ Benjamin S. Morrell*