**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| THRIVING CHILDREN ADVOCATES, LLC, THRIVING CHARITY ADVOCATES, LLC, WESLEY CAMPBELL, NEWSBOYS, INC., NEWSBOYS TOURING, LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 3:26-cv-00484 |
| WATERLAND PRIVATE EQUITY INVESTMENTS, B.V.; WATERLAND PRIVATE EQUITY APS.; WATERLAND HOLDINGS, LLC.; CHRISTIAN LUND MADSEN; NICKLAS GULDBERG; USLIVE OPCO, INC. DBA LIVECO AND TPR; USLIVE, LLC.; USLIVE HOLDING, LLC; USLIVE INTERMEDIATE HOLDCO, INC.; BRIAN BECKER; TPR ENTERTAINMENT, LLC; PREMIER PRODUCTIONS HOLDINGS, LLC; MICHAEL PUGH; SHANE QUICK; USLIVE RUSH, LLC; RUSH CONCERTS, LTD.; JACOB REISER; USLIVE TRANSPARENT, LLC; TRANSPARENT PRODUCTIONS, LLC; TRANSPARENT PROCESSING LLC; TIMOTHY TABER; THE ROYS REPORT NFP; JULIE ROYS, JESSICA MORRIS; MERCYME, INC.; BART MILLARD; ROBIN "ROBBY" SHAFFER; NATHAN COCHRAN; MIKE SCHEUCHZER; SCOTT BICKELL; BRICKHOUSE ENTERTAINMENT, LLC; MICAH BEGNAUD AKA MICAH TYLER; and WORLD VISION, INC. | ) | Judge Eli J. Richardson, Jr.<br>Magistrate Judge Frensley |
| Defendants. | ) | |

---

**LIVECO DEFENDANTS’ UNOPPOSED MOTION FOR LEAVE TO FILE OVERSIZED BRIEF AND MEMORANDUM OF LAW**

---

Defendants LiveCo OpCo, Inc., USLive, LLC, USLive Holding, LLC, USLive Intermediate HoldCo., Inc., TPR Entertainment, LLC, Premier Productions Holdings, LLC, USLive Rush, LLC, Rush Concerts, Ltd., USLive Transparent, LLC, and Transparent Productions, LLC (collectively, "LiveCo"), as well as Defendants Brian Becker, Michael Pugh, Shane Quick, Jacob Resier, and Timothy Taber (collectively with LiveCo, the "LiveCo Defendants"), by and through undersigned counsel, respectfully seek leave to file an oversized brief in support of their Motion to Dismiss the Complaint. A copy of the LiveCo Defendants' Motion to Dismiss and accompanying brief are attached hereto as **Exhibit A**.

## INTRODUCTION

This action arises from LiveCo's creation of a new and improved way of bringing together Contemporary Christian Music ("CCM") artists, their audiences, and non-profit sponsors, which reduced the commercial importance of Plaintiff Thriving Children Advocates ("TCA") as a middleman in the CCM concert ecosystem. The LiveCo Defendants have prepared a motion to dismiss the convoluted 194-page, 632-paragraph Complaint and request leave to file a Memorandum of Law no longer than sixty-three (63) pages in support of their Motion to Dismiss. The LiveCo Defendants do not take this request for extra pages lightly either. A sixty-three-page brief is necessary here in light of the length of Plaintiffs' Complaint and the number and complexity of the claims raised against the LiveCo Defendants. Plaintiffs also do not oppose the LiveCo Defendants' request, which will serve everyone's interests by enabling the Parties to fully brief the issues to ensure that any meritless claims do not proceed to discovery.

## ARGUMENT

Local Rule 7.01(a)(2) provides that the Court may grant leave to file briefs longer than the usual twenty-five-page limit. The Court should do so here.

First, in Your Honor's Practice and Procedure Manual, Your Honor states that although "briefs should be direct and to the point," the Court recognizes that "brevity is not easily achieved in some cases given the factual or legal context involved." That is the case here. The sheer volume of allegations and issues to which the LiveCo Defendants must respond is staggering. Plaintiffs' Complaint is 194 pages and 632 paragraphs long. Plaintiffs assert over twenty causes of action. The LiveCo Defendants—compromised of fifteen entities and individuals—are named in almost all of those claims, which involve an enormous number of factual and legal issues ranging from alleged antitrust violations to defamation, to breaches of contracts, to violations of the Lanham Act, and to misappropriation of trade secrets, all allegedly occurring over the course of several years.

In addition to being voluminous, the claims against the LiveCo Defendants are also complex. For example, in their seven antitrust claims against the LiveCo Defendants, Plaintiffs attempt to allege violations of five separate statutory sections of the federal and state antitrust laws, each involving two separate markets and three separate Plaintiffs whose antitrust standing must be addressed separately. Those claims alone require significantly more than twenty-five pages to address, before even touching the legal issues raised by Plaintiffs' defamation, breaches of contract, Lanham Act, and trade secret claims.

Significantly, LiveCo values the Court's time and is attempting to address Plaintiffs' claims in as few pages as possible. With fewer than sixty-three pages, however, LiveCo will not be adequately heard on even the most important issues raised by the pleadings. Even the requested sixty-three-page limit required LiveCo to omit issues from its brief that it otherwise would have addressed and to give other issues significantly shorter treatment than would otherwise be ideal. Indeed, the MercyMe Defendants' brief is forty-four pages long—two-thirds of what the LiveCo

Defendants are seeking—yet they are named in ***less than a third*** as many claims as the LiveCo Defendants.

Second, it is in everyone's best interest to give the LiveCo Defendants sufficient pages to address the most critical issues raised in the Complaint early in this litigation. Indeed, Plaintiffs do not oppose this requested relief, and, as explained above, the LiveCo Defendants need the requested relief so that they can be heard on critical issues. Moreover, allowing LiveCo to address all of the most critical issues now will enable the Court to move this case forward more efficiently by weeding out unmeritorious claims and issues earlier. Indeed, as the Sixth Circuit has explained, "proceeding to antitrust discovery can be expensive," so it is important to "weed[] out meritless antitrust claims at the pleading stage." *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 450 (6th Cir. 2007). Additionally, more fulsome briefing will also ensure that any necessary amendments to the Complaint occur now rather than later and will frame the issues for discovery if any part of the case survives dismissal.

Finally, LiveCo is cognizant of the fact that other Defendants have already submitted briefs seeking dismissal of several of the claims in this case. The LiveCo Defendants have reviewed those briefs and have been careful not to duplicate those Defendants' arguments needlessly, so as to be respectful of the Court's time and workload. Moreover, the other Defendants' briefs do not address several of the claims asserted against only the Waterland and LiveCo Defendants (for example, the trade secret claims). And even as to the overlapping claims, many of those Defendants' arguments for dismissal are specific to those Defendants and may not apply to the LiveCo Defendants.

**CONCLUSION**

For the foregoing reasons, the LiveCo Defendants respectfully request that the Court grant

them leave to file a Memorandum of Law in support of their Motion to Dismiss the Complaint of no more than sixty-three (63) pages.

Dated: August 26, 2026

Respectfully submitted,

*/s/ David W. Campbell*
Taylor J. Askew (Tenn. BPR No. 033193)
Todd R. Hambidge (Tenn BPR No. 028671)
David Zeitlin (Tenn. BPR No. 037664)
David W. Campbell (Tenn. BPR No. 042351)
**HOLLAND & KNIGHT LLP**
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
Tel: (615) 244-6380
taylor.askew@hklaw.com
todd.hambidge@hklaw.com
david.zeitlin@hklaw.com
will.campbell@hklaw.com

Keith P. Carroll (*pro hac vice pending*)
**HOLLAND & KNIGHT LLP**
10 St. James Avenue, 11th Floor
Boston, Massachusetts 02116
Tel: (617) 523-2700
keith.carroll@hklaw.com

David Kully (*pro hac vice pending*)
**HOLLAND & KNIGHT LLP**
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Tel: (202) 955-3000
david.kully@hklaw.com

Justin M. Kadoura (*pro hac vice pending*)
**HOLLAND & KNIGHT LLP**
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Tel: (215) 252-9600
justin.kadoura@hklaw.com

*Counsel for the LiveCo Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ David Campbell*
David Campbell