IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| THRIVING CHILDREN ADVOCATES, LLC, Et al.<br>Plaintiffs<br>v.<br>WATERLAND PRIVATE EQUITY INVESTMENTS, B.V.; Et al.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-cv 00484<br>District Judge: Hon. Waverly D. Crenshaw, Jr.<br>Magistrate Judge: Hon. Jeffrey S. Frensley<br><br>Jury Trial Demanded |

**PLAINTIFFS' <u>UNOPPOSED</u> MOTION FOR EXTENSION OF TIME TO RESPOND TO THE ALMOST 70 PAGE MOTION TO DISMISS OF THE LIVECO DEFENDANTS AND TO RESPOND EXCEEDING THE 25-PAGE LIMIT IMPOSED BY THE LOCAL RULES**

Plaintiffs file this ***<u>UNOPPOSED</u>*** request for leave of Court for (a) a 30-day extension within which to respond to the Motion to Dismiss filed by the LiveCo Defendants [1] and (b) leave of court to exceed the 25 page limits imposed by the local rules. Plaintiffs' UNOPPOSED request, if granted would make October 8, 2026 the date on which Plaintiffs will so respond.

More time is required in part because of the hospitalization of co-counsel in this case, Kline Preston, who has been hospitalized most of the past several days with a serious health issue and is anticipated to remain there for several more days. As such he has not been able to provide assistance needed in reviewing and responding to the almost 70-page motion for dismiss.

Furthermore, Plaintiffs require additional time and page expansion due to the following that have been detected so far in their review (a) significant substantive errors in the Motion to

[1] The "LiveCo Defendants" are: LiveCo OpCo, Inc., USLive, LLC, USLive Holding, LLC, USLive Intermediate HoldCo., Inc., TPR Entertainment, LLC, Premier Productions Holdings, LLC, USLive Rush, LLC, Rush Concerts, Ltd., USLive Transparent, LLC, Transparent Productions, LLC, Brian Becker, Michael Pugh, Shane Quick, Jacob Resier, and Timothy Taber.

Dismiss; (b) some errors in cited legal citations and authorities; and (c) apparent misstatements and mischaracterizations of Plaintiffs' Complaint. Additional time is required to be able to identify all such errors and respond to the merits therein set forth.

**THE LIVECO DEFENDANTS HAVE BEEN GIVEN AN EXTENDED PERIOD TO FILE THEIR MTD**

Plaintiffs have not opposed several requests for extension for the LiveCo Defendants. The LiveCo Defendants were served long before their motion to dismiss was filed and first agreed they would file their motion to dismiss in early August 2026. When that did not occur, Plaintiffs prompted the LiveCo Defendants who then filed an unopposed motion to permit them to file their motion to dismiss on or before August 26, 2026 [Dkt. 95] which this Court granted [Dkt.98] giving the LiveCo Defendants until August 26 to file. On August 26, the LiveCo Defendants filed their Motion to Dismiss along with an unopposed motion to exceed the 25-page limits (the "First MTD" or "1MTD") [Dkt. 106]. And their 1MTD was almost 70 pages. Then on August 27, one day late, the LiveCo Defendants filed their Second Motion to Dismiss ("Second MTD" or "2MTD") without leave to file late. [Dkt. 108]

**EXHIBITS C AND D MATERIALLY DIFFER AS BETWEEN 1MTD AND 2MTD AND CONTRADICT WHAT LIVECO DEFENDANTS HAVE TOLD THIS COURT**

While review and comparison of the 1MTD and 2MTD is on-going, Exs. C and D in 1MTD are materially different from Exs. C and D in 2MTD.

First MTD Exhibit C contains a chain of three emails, attached hereto as Exhibits 1-3 respectively. They are important and it is significant that they have been omitted from the Second MTD. The earliest email in Exhibit C is dated December 19, 2021 [Ex. 1 hereto] and authored by Waterland Defendant Christian Madson, although signed by Waterland Defendants Madson and Guldberg and LiveCo Defendants Brian Becker and Michael Pugh. It is Waterland's offer to

purchase Plaintiff TCA for $15MM down coupled with an earnout capped at $45MM (the "First Offer").

The next email is dated January 11, 2023 (Exhibit 2 hereto) and is also omitted from 2 MTD. In it, Madson forwards Exhibit 1 to Guldberg, Becker, Pugh and others with comments and his plans for further negotiations with Plaintiffs and potentially increasing the cash down to as much as $20MM.

The third and final email in the chain is dated January 11, 2023 (Exhibit 3 hereto) and is also omitted from 2 MTD. In it, LiveCo's Becker responds to Waterland's Madison and Guldberg as well as Pugh with approval of Madson's plan for increasing the offer to purchase Plaintiffs. Again, these three important emails are omitted from the late-filed Second MTD.

First MTD Exhibit D contains a chain of two emails attached hereto as Exhibits 4-5 respectively. They are also important. The earliest is dated January 26, 2023 (Exhibit 4) and is an email from Waterland's Madsen with an increased purchase offer for Plaintiff TCA that has increased the downpayment to $17MM from $15MM with a $45MM cap, along with another offer to purchase another of Plaintiffs' companies (FCM or First Company Management). capped at $5MM. The second email (Exhibit 5) is TCA's January 31, 2023 response accepting that offer.

In the late-filed 2 MTD, Ex. D is the email dated January 26, 2023 (Exhibit 4 hereto) with Madsen's increased to purchase TCA and FCM. 2MTD Ex. C is the email dated January 31, 2023 (Exhibit 5) which is TCA's response accepting that offer. In net effect the LiveCo Defendants have inexplicably excluded Exhibits 1, 2 and 3 from the Second MTD.

**NOW-DELETED EXHIBITS 1, 2 AND 3 DEMONSTRATE ONE OF THE REASONS AN EXTENSION FOR RESPONSE TO ALLOW A THOROUGH REVIEW IS NECESSARY**

The LiveCo Defendants appear to have taken liberties with the evidence they cite -- and more often the evidence they do not cite -- and an inordinate amount of time is going to be required

to review the almost 70 pages to address the issues raised which will include confirming misstatements as well For example, Exhibit 1, now deleted from its Second Motion to Dismiss, is Waterland's initial purchase offer for TCA with an initial payment of $15M coupled with another payment of 5 times two years EBITDA capped at $45MM. Here is how it begins:

> **From:** Christian Lund Madsen
> **Sent:** Monday, December 19, 2022 8:41 PM
> **To:** David Wagner <davewagner@me.com>; Wesley Campbell <wes.campbell@me.com>
> **Cc:** 'Kevin Kookogey' <kevin@kookogey.com>; Brian Becker <Brian@baseentertainment.com>; Michael Pugh <michael.pugh@premierproductions.com>; Nicklas Guldberg <Guldberg@waterland.dk>
> **Subject:** TCA x USLive: Partnership proposal
>
> Dave and Wes –
>
> We remain highly excited by the prospect of partnering with both of you and the TCA team, and are highly appreciate of your engagement and interest in working with USLive. We view TCA as a highly respected & pioneering sponsorship organiser, providing unique and turnkey solutions for its sponsorship partners. Together with USLive's strategic growth efforts within sponsorships across faith, country and other genres, we believe a partnership to be highly valuable to all parties.

The opening paragraph of this now-deleted exhibit proclaims TCA to be a "respected and **pioneering** sponsorship organizer" whom Waterland and its LiveCo affiliates wanted to acquire because TCA provided "**unique and turnkey solutions** for its sponsorship partners." Notwithstanding their own proclamation of TCA as a "pioneer," their MTD advises the Court of the exact opposite writing that while "[a]ccording to Plaintiffs, 'no one else did this'" [2 MTD, p. 2] and TCA "claim[ed] to have 'pioneered'" [2 MTD, p. 1] its business model," in reality, "TCA, in fact, did not 'pioneer' anything, and its business model is not a secret." 2 MTD, p. 2. It goes on to claim "TCA is one of many for-profit, professional solicitors, which are common ..." [2 MTD, p. 4]. The inconsistencies between their MTD statements and their own email they have now deleted are but one example of the type of issues that will take time to determine so that the Courtis presented with accurate materials.

Further, the opening paragraph of this now-deleted Exhibit 1 proclaims TCA provided "**unique and turnkey** solutions for its sponsorship partners." Notwithstanding, its MTD now proclaims TCA had an "outdated business model" [2 MTD, p. 2] and an "antiquated business model" [2 MTD, p. 3]. It claims artists were leaving TCA's outdated model..."[ 2 MTD, p. 8]. Again, this is yet another example of the review that will be required of their almost 70 page MTD to ensure the Court has accurate materials and arguments before it.

The errors do not stop there. Having deleted Exhibits 1-3, LiveCo's MTD now points to Madsen's January 26, 2023 (Exhibit 4 hereto) and surprisingly proclaims this email to be "mere preliminary negotiations," [2 MTD, p. 11], "only the first step in this process" [2 MTD, p. 12] and only a "part of preliminary negotiations." [2 MTD, p. 12]. They identify the Exhibit 4 email as the Madsen Email and then proclaim [t]he Madsen email was not an 'offer.'" [2 MTD, p. 12].

Yet the Exhibit 1 email of December 19, 2021 ends by stating "please let us know you have received the **offer**," which demonstrates that Waterland/LiveCo in fact had made an offer -- not merely engaged in "preliminary negotiations." Madsen's deleted email of January 11, 2023 (Exhibit 2) substantiates this noting that Waterland had before offered $15MM and they [TCA] asked for $20mm" further corroborating that much more that preliminary negotiations had occurred. Again these points raise significant issues and the concern is they are but the proverbial tip of the iceberg all of which will take time to determine.

**THESE AND OTHER CITATION ISSUES NECESSITATE A THOROUGH BUT TIME-CONSUMING REVIEW IS IN ORDER**

These errors and anomalies are not the only ones as other questions have been identified concerning the accuracy of some of the Live Co Defendants' citations to cases and to Plaintiffs Complaint.

Allowing Plaintiffs adequate time and pages to determine and address all of the critical issues the LiveCo Defendants have raised will enable the Court to move this case quickly but in a manner that ensures accuracy.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them until October 8, 2026 to respond to the LiveCo Motion to Dismiss and also allow them to exceed the 25-page limitation imposed by the local rules.

Dated: September 10, 2026

Respectfully submitted,

/s/Ben Broocks

Ben Broocks
Ben Broocks (pro hac)
248 Addie Roy Road, Suite B-301
Austin, Texas
Tel: 512-201-2002
Fax: 512 201-2386

G. Kline Preston IV, Esq.
G. Kline Preston, IV, Esq. (#017141)
Belle Meade Office Park
4515 Harding Pike, Suite 107
Nashville, TN 37027
Tel: 615-649-8680
Fax: 866-610-9565
kpreston@klineprestonlaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, the undersigned filed the foregoing document using the Court's CM/ECF system, which will send electronic notice to all counsel of record.

Dated: September 10, 2026

/s/Ben Broocks

________________

Ben Broocks