IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | | |
|---|---|---|
| **THRIVING CHILDREN ADVOCATES, LLC, ET AL.** | ) | |
| **Plaintiffs,** | ) | **No. 3:26-cv-00484** |
| **v.** | ) | |
| | ) | **JUDGE RICHARDSON** |
| **WATERLAND PRIVATE EQUITY INVESTMENTS, B.V., ET AL.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT JESSICA MORRIS'S MOTION TO DISMISS AND DEFENDANTS THE ROYS REPORT NFP AND JULIE ROYS'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Jessica Morris, pursuant to Federal Rule of Civil Procedure 12(b), and Defendants The Roys Report NFP ("The Roys Report") and Julie Roys, pursuant to Federal Rule of Civil Procedure 12(c) (collectively, the "Journalist Defendants"), respectfully move this Honorable Court to dismiss all claims asserted against them in Plaintiffs' Complaint.[1] The Roys Report and Julie Roys make this motion without waiving any, and with reserving all, other defenses previously raised.

Defendant The Roys Report is an entity incorporated as a non-profit organization under the laws of the state of Illinois. (Compl. ¶ 69.) Julie Roys is the founder and editor-in-chief of The Roys Report and resides in Illinois. (Compl. ¶ 70.) Jessica Morris is a journalist for The Roys Report who resides in Melbourne, Australia. (Compl. ¶ 71.)

1. Defendant Morris has not filed a responsive pleading and accordingly seeks dismissal under Rule 12(b). Defendants The Roys Report and Roys have answered and accordingly seek judgment on the pleadings under Rule 12(c). As to the merits, the grounds set forth below apply equally to all three Defendants because a motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

As to the Journalist Defendants, the Complaint does not establish that any substantial part of the alleged events or omissions related to the June 19, 2025 Article at issue in Plaintiffs' Complaint occurred in this District.[2] See 28 U.S.C.S. § 1391(b)(2); Fed R. Civ. P. 12(b)(3). Furthermore, even if this Court has personal jurisdiction over the individual Journalist Defendants,[3] which these Defendants respectfully contend it does not, this matter should be dismissed on the merits. See Bird v. Parsons, 289 F.3d 865, 872–73 (6th Cir. 2002) (stating a federal court must "decide whether personal jurisdiction exists over the . . . defendants before proceeding to the merits of the case"); Fed R. Civ. P. 12(b)(2); see also ECF No. 124 at PageID 1514–1515 (discussing how the allegations regarding the allegedly defamatory articles do not provide a basis for the exercise of personal jurisdiction; these arguments apply equally to the individual Journalist Defendants).

Tennessee law requires an allegedly defamatory publication to be evaluated as a whole, in context, and according to the understanding of an ordinary reader. Read in their entirety, the challenged articles attribute allegations to identified sources, publish denials and competing accounts, and disclose the limits of the available evidence. Plaintiffs' claims rest on a selective reconstruction of the reporting that the Court is not bound to accept. Furthermore, the publications identify Michael Tait, Matthew Brewer, and Steve Campbell as the individuals connected to the underlying allegations and expressly state that the allegations do not involve the current members of Newsboys. Plaintiffs cannot transfer accusations directed at third parties to legally distinct persons and entities.

---

2. See Answer, Second Defense. (ECF No. 54 at PageID 534.)

3. As to Defendant Julie Roys, see Answer, Third Defense. (Id.)

Although the reporting is not defamatory, Plaintiffs are public figures, or at a minimum, limited-purpose public figures, for the controversy addressed in the reporting. As a result, Plaintiffs must plausibly plead actual malice on the part of the Journalist Defendants. The Complaint pleads conclusions rather than facts showing that any Journalist Defendant published with knowledge of falsity or serious doubt as to truth, and the incorporated Articles demonstrate the opposite. Additionally, the reporting is independently protected by Tennessee's fair report privilege. The articles fairly and substantially reported official investigative materials and law enforcement findings. Furthermore, the false light claim fails because, among other reasons, the corporate Plaintiffs cannot maintain a false-light claim as a matter of law, and no actionable false implication or actual malice is pled.

The conspiracy and aiding-and-abetting claim is, at most, conclusory, alleges no agreement or substantial assistance by the Journalist Defendants, and fails absent a viable underlying tort. Finally, Plaintiffs' alleged injuries are attributed to third parties' independent commercial decisions following allegations concerning Michael Tait, not to any actionable statement concerning Plaintiffs. Plaintiffs' damages theory fails.

In further support of this Motion, the Journalist Defendants adopt by reference and incorporate their memorandum in support, along any reply filed in support, any supporting arguments of counsel in the event a hearing is held on this Motion, as well as the entire record in this cause, including defenses and arguments raised by other Defendants to the extent applicable to Plaintiffs' claims against the Journalist Defendants. (See, e.g., ECF No. 109 at PageID 1310–1313 (LiveCo Defendants addressing why Plaintiffs' claims relating to defamation should be dismissed); ECF No. 124 at PageID 1550–1552 (Waterland Parties addressing why Plaintiffs fail to state a defamation claim).)

Based on the reasons set forth above, the memorandum in support, and the entire record in this cause, Defendant Jessica Morris respectfully requests that the Court dismiss all claims asserted against her with prejudice pursuant to Rule 12(b), and Defendants The Roys Report NFP and Julie Roys respectfully request that the Court enter judgment on the pleadings in their favor and dismiss all claims asserted against them with prejudice pursuant to Rule 12(c), together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: /s/ Justin Joy

Justin N. Joy, BPR #23722
40 South Main Street, Suite 2900
Memphis, TN 38103
(901) 525-8721
jjoy@lewisthomason.com

Kaitlyn M. Phillips, BPR #42449
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 259-1366
kphillips@lewisthomason.com

*Attorneys for Defendants The Roys Report, Julie Roys, and Jessica Morris*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2026, I filed the foregoing document using the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ Justin Joy