**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **THRIVING CHILDREN ADVOCATES, LLC, et al.** *Plaintiffs,* | § § § | |
| **v.** | § § | **Civil Action No. 3:26-cv-00484** |
| **WATERLAND PRIVATE EQUITY INVESTMENTS, B.V., et al.** *Defendants.* | § § § § § § § | **District Judge: Hon. Eli J. Richardson** **Mag. Judge: Hon. Jeffery S. Frensley** **Jury Demanded** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO ADD PARTIES PURSUANT TO FED. R. CIV. P. 15(a)(1), 15(a)(2), 20(a)(2), AND 21, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs seek to file their First Amended Complaint , a signed copy of which attached as **Exhibit A** (the "FAC" or "Amended Complaint").

1. The FAC (1) adds as defendants three Dutch holding companies: Waterland Management Holding IV B.V., Waterland Management Holding VI B.V., and Waterland Management Holding VII B.V (together referred to as the "Newly Added Waterland Defendants") and (2) adds additional factual allegations some to the original Complaint (Doc. No. 1). This is Plaintiffs' first request to amend their pleading. It is made before any deadline for amending pleadings or joining parties has passed, and before discovery has occurred. There has been no Case Management Conference.

2. For the reasons set forth below Plaintiffs believe that they are entitled to file their FAC as a matter of right pursuant to FRCP 15(a)(1). As explained below the Defendant group called the Original Waterland Defendants have filed a motion to dismiss and this filing is on or before 21 days since that filing which entitles Plaintiffs to so file as a matter of right. The group

of Defendants identified below as the "Defamation Defendants "have filed a motion to dismiss and 21 days has not yet expired since that filing.

3. In the alternative, Plaintiffs request this Court grant leave under Rule 15(a)(2) for to file the attached FAC. Additionally, Plaintiffs seek leave to add three additional Newly Added Waterland Defendants.

4. If leave of court is determined to be required, each of the factors under *Foman v. Davis*, 371 U.S. 178, 182 (1962), favors amendment, and joinder of the three additional Newly Added Waterland Defendants readily satisfies Rule 20(a)(2). Plaintiffs therefore ask the Court to recognize that the amendment is effective as a matter of course under Rule 15(a)(1) or, in the alternative, to grant leave under Rule 15(a)(2), and direct the Clerk to docket the First Amended Complaint, add the Newly Added Waterland Defendants as defendants, and deny the pending motions to dismiss as moot without prejudice to their renewal against the FAC.

## I. BACKGROUND

### A. Factual Background.

5. This is a complex suit involving antitrust claims asserted against an alleged monopoly in the promotion within the Contemporary Christian Touring Market (CCM Touring Market") and the elated and integrated Nonprofit Sponsorship Market ("NPS Market"). The ability of Christian and faith-based artists to draw audiences is called their "Platform." Reduced to its simplest terms, in the CCM Touring Market, Christian and faith-based artists conduct nationwide concert tours to faith-based audiences drawn by the artists. At intermissions, hired spokespersons take the stage for nonprofit charities and pitch the audience for donations, almost invariably for children. Nonprofits have historically paid artists for the use of their public Platforms to raise money traditionally between $100 - $200 for every person who agrees to donate

at a CCM Tour concert. While donations are usually small monthly amounts nonprofits have studies showing that a person who makes a donation, will usually continue for many years, resulting in a profitable annuity stream. This suit alleges that a hedge fund or funds from The Netherlands (generally called "Waterland") formed a series of US entities (generally called LiveCo) that bought the three top grossing CCM concert promoters with funds provided by Waterland and thereby are alleged to have gained control of the CCM Touring Market. With this power, it is alleged Waterland and LiveCo have coerced CCM artists to essentially convey their Platforms to LiveCo, who is alleged to have partnered with World Vision, believed to be the world's largest nonprofit and LiveCo has sold to World Vision the Platforms thus coerced from CCM Artists. World Vision now makes pitches at LiveCo-promoted CCM Tours and pays LiveCo, not the artists. Certain CCM artists, such as MercyMe and others, are alleged to have joined in these efforts. Additionally, Waterland and LiveCo are alleged to have fomented series of defamatory articles attacking Plaintiffs, to gain competitive advantage.

**B. The Defendants.**

6. While there are 31 defendants, they are aligned in 4 different groups.

7. The four Original Waterland Defendants, consist of two individuals, a Dutch entity and a Netherlands entity (the "Original Waterland Defendants") are represented by the law firm, Covington and Burling, LLP. They filed a motion to dismiss on September 18, 2026, and today is the 21st day after such filing. They have indicated they oppose Plaintiffs' FAC.

8. The publisher of the allegedly defamatory article, its editor in chief and its author are represented by the law firm Lewis Thomason, PC. They filed a motion to dismiss on September 21, 2026 to which Plaintiffs have not yet responded. Monday is the 21st day after

such filing (actually Tuesday since Monday is a holiday). They have indicated they oppose Plaintiffs' FAC.

9. Numerous entities and persons are generally part of the LiveCo group (the "LiveCo Defendants") and are represented by the law firm of Holand and Knight, LLP. They have filed a motion to dismiss to which Plaintiffs have not responded and while the LiveCo Defendants have indicated they oppose Plaintiffs' FAC, they have agreed to postpone Plaintiffs' response and their Reply briefing, pending the Court's ruling on Plaintiffs' FAC.

10. Other defendants are part of the defendant group called the "MercyMe Defendants") and are represented by the firm of Griffin/Bowen, PLLC. The Mercy Me Defendants consist of the band MercyMe, its members who signed contracts with Plaintiffs, the group's manager and another artist who also contracted with Plaintiffs and is represented by the same manager. The Mercy Me Defendants have filed a motion to dismiss to which Plaintiffs have responded and they have replied. They have indicated they oppose Plaintiffs' FAC.

11. World Vision is a defendant represented by the law firm of Taft, Stettinius and Hollister, LLP. World Vision has filed a motion to dismiss to which Plaintiffs have responded and World Vision has replied. They have indicated they oppose Plaintiffs' FAC.

### C. THE WATERLAND DEFENDANTS' RULE 7.1 DISCLOSURE IDENTIFIES THE WATERLAND PARENT ENTITIES

12. On August 14, 2026, the Original Waterland Defendants filed their disclosure statement under Federal Rule of Civil Procedure 7.1, which requires a nongovernmental corporate party to identify "any parent corporation." Fed. R. Civ. P. 7.1(a)(1)(A). Appendix A to that

disclosure revealed the ownership chain above the two named Waterland Defendants (Doc. No. 93-1 at 1–2):

a. Defendants Waterland Private Equity Investments, B.V. and Waterland Private Equity, ApS are wholly owned by non-party Waterland Management Holding IV B.V.;

b. Waterland Management Holding IV B.V. is 99% owned by non-party Waterland Management Holding VI B.V.;

c. Waterland Management Holding VI B.V. is 99% owned by non-party Waterland Management Holding VII B.V.; and

d. Waterland Management Holding VII B.V. has no parent company.

13. The Original Waterland Defendants have generally done business under the generic name "Waterland" as the following tombstone ads touting financing procured by "Waterland" that initiated the activities about which this suit complains:




14. The precise names of all "Waterland" entities has not been known before the disclosure, and Plaintiffs could not have named them in the original Complaint.[1]

D. **The Proposed Amended Complaint.**

[1]Erroneously named defendant Waterland Holdings LLC has been dropped from this action.

15. As LR 15.01(a)(1) requires, Plaintiffs summarize the substance of and reasons for the proposed amendments.

16. As noted, the FAC names the three Newly Added Waterland Defendants as defendants and alleges facts showing their own participation in, and their control over the Waterland Defendants' role in, the conduct alleged. The claims asserted against them arise from the same transactions and occurrences already pleaded against the Original Waterland Defendants.

17. While Plaintiffs believe the Original Complaint is sufficient for FRCP 12(b)(6) purposes the Motions to Dismiss have demanded more factual basis for some of the claims asserted. The FAC supplies these alleged deficiencies to assist the Court in its review of the sufficiency of the factual basis for this complex suit. These additional asserted facts should remove even arguable question about the adequacy of Plaintiffs' complaint.

18. The amendments do not change the core transactions and occurrences on which this action is based. They add the parent entities responsible for, and participating in, the conduct already alleged against their subsidiaries, and supply additional facts to support those claims.

## II. **LEGAL STANDARDS**

19. Where amendment as a matter of course is unavailable, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit's case law "manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). "The Rules put forth a liberal policy of permitting amendments in order to ensure

determination of claims on their merits." *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988); *see also Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (cases should be tried on their merits "rather than the technicalities of pleadings" (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982))).

20. Absent "any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182); *accord Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) Delay alone, without prejudice, is not a sufficient reason to deny leave. *Moore*, 790 F.2d at 560–62; *Tefft*, 689 F.2d at 639 n.2.

21. In the alternative, should the Court conclude that amendment as a matter of course is unavailable as to any Defendant, Plaintiffs request leave of Court to amend under Rule 15(a)(2).

22. Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and

remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

**III. PLAINTIFFS SEEK LEAVE IN GOOD FAITH.**

23. Plaintiffs' FAC is being filed to ease the Court's burden. That is the opposite of bad faith or dilatory motive. Amending now will streamline, not delay, the Court's consideration of the pleadings: the Court can address Defendants' Rule 12 arguments once, against the operative complaint, rather than ruling on motions directed at A SUPERSEDED PLEADING.

**IV. NO DEFENDANT WILL SUFFER UNDUE PREJUDICE.**

24. In assessing prejudice, the Sixth Circuit considers whether the amendment would require the opposing party to expend significant additional resources to conduct discovery and prepare for trial, significantly delay resolution of the dispute, or prevent the plaintiff from bringing a timely action in another jurisdiction. *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). None of those concerns is present. Here, Plaintiffs are endeavoring to provide clarity to the claims that have been asserted, not to muddy the waters. No trial date has been set, discovery has not commenced, and no dispositive motion has been considered. These factors tip in favor of no showing of prejudice.

25. Additionally, the Defendants who have moved to dismiss lose nothing: they may renew any argument that remains viable against the Amended Complaint.Plaintiffs have not previously amended the Complaint, so there has been no "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182

**V. THE AMENDMENT IS NOT FUTILE.**

26. 'An amendment is futile only if the amended pleading could not survive a Rule 12(b)(6) motion. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir.

2010). The party opposing amendment bears the burden of establishing futility. *Mason Sales, LLC v. Talent Creation, Ltd.*, No. 3:24-cv-00092, 2025 LX 290503, at *13 (M.D. Tenn. Mar. 4, 2025). To the extent existing Defendants contend the amended claims against them remain deficient, those arguments are properly presented in a Rule 12 motion directed at the Amended Complaint, not in opposition to leave. Courts in this District have recognized that futility arguments at the amendment stage are "functionally dispositive" and that permitting the amendment and resolving substantive challenges in a single decision on a motion to dismiss is "the most efficient course of action." *Local Spot, Inc. v. Lee, No. 3:20-cv-00421,* 2020 U.S. Dist. LEXIS 241761, at *10 (M.D. Tenn. 2020).

27. Both requirements of Rule 20(a)(2) are met. Plaintiffs assert rights to relief against the Waterland Parent Entities jointly, severally, or in the alternative with the Waterland Defendants, arising out of the same transactions and occurrences already at issue. Adding the parents also serves the efficiency and fairness concerns Rule 21 protects: it ensures that all entities responsible for the Waterland side of the alleged conduct are before the Court in a single proceeding, avoiding duplicative litigation and the risk of inconsistent results. *See Gibbs*, 383 U.S. at 724. The Court has subject-matter jurisdiction over the claims against the new parties on the same basis as the existing claims.

28. **LOCAL RULE CERTIFICATIONS**

Pursuant to LR 7.01(a)(1) and LR 15.01(a)(2), counsel for Plaintiffs conferred with counsel for all Defendants regarding this Motion on October 9, 2026. Defendants are opposed to Plaintiffs' request to amend their pleading.[2] Pursuant to LR 15.01(a)(1) and (b), the signed proposed Amended Complaint, which restates the pleading in its entirety, is attached as **Attachment A**.

---

[2] As it pertains to the Journalist Defendants, Plaintiffs did not receive a response to their conference request.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court enter an order:

(1) recognizing that Plaintiffs have filed the First Amended Complaint as a matter of course under Rule 15(a)(1) as to all Defendants or, in the alternative, granting Plaintiffs leave under Rules 15(a)(2) and 21 to file the First Amended Complaint attached as **attachment A**;

(2) adding Waterland Management Holding IV B.V., Waterland Management Holding VI B.V., and Waterland Management Holding VII B.V. as defendants, and directing the Clerk to docket Exhibit A as the First Amended Complaint and to issue summonses as to the newly added defendants upon Plaintiffs' request;

(3) denying as moot, without prejudice, the pending motions directed at the original Complaint (Doc. Nos. 55, 64, 108, 109, 124, 125, and 126); and

(4) granting such other relief as the Court deems just.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Ben C Broocks*

Ben C. Broocks (pro hac vice)
BROOCKS LAW FIRM, PLLC
248 Addie Roy Road
Suite B-301
Austin, TX 78746
512-201-2000
Fax: 512-201-2032
bbroocks@broockslawfirm.com

G. Kline Preston, IV, Esq. (#017141)
Belle Meade Office Park
4515 Harding Pike, Suite 107
Nashville, TN 37027
Tel: 615-649-8680
Fax: 866-610-9565
kpreston@klineprestonlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2026, I filed the foregoing with the clerk of the court by using the CM/ECF system and sent via electronic transmission to the following counsel of record:


Todd R. Hambidge
Taylor J. Askew
David Joseph Zeitlin
David W. Campbell
Holland & Knight LLP
511 Union St
Suite 2700
Nashville, TN 37219
615-850-6013
todd.hambidge@hklaw.com
Taylor.Askew@hklaw.com
david.zeitlin@hklaw.com
will.campbell@hklaw.com

*Counsel for certain Defendants*

Jay Scott Bowen
Connor M. Blair
Griffin Bowen, PLLC
48 Music Square East
Nashville, TN 37203
615-742-4800
Fax: 615-742-4801
jbowen@griffinbowen.com
cblair@griffinbowen.com

*Counsel for certain Defendants*

Ryan T. Holt (#30191)
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
Phone: (615) 742-4200
rholt@srvhlaw.com

Jonathan M. Sperling (pro hac vice)

Justin N. Joy
Lewis, Thomason, King, Krieg & Waldrop, PC
2900 One Commerce Square
Memphis, TN 38103
901-525-8721
jjoy@lewisthomason.com

Kaitlyn McKinzee Phillips
Lewis Thomason, P.C.
1201 Demonbreun Street
Suite 1000
Nashville, TN 37203
615-574-6755
Fax: 615-259-1389
kphillips@lewisthomason.com

*Counsel for certain Defendants*

Daniel R. Warncke
Benjamin S. Morrell
David E. Lamb
Taft, Stettinius & Hollister, LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 977-8400
warncke@taftlaw.com
bmorrell@taftlaw.com
dlamb@taftlaw.com

*Counsel for certain Defendants*

John S. Playforth (pro hac vice)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel.: (202) 662-6000
jplayforth@cov.com

*Counsel for certain Defendants*

*/s/ Ben C Broocks*
Ben C Broocks